IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

        vs.                                  Case No. 02-10012-JTM

KENDALL D. BARNES,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the defendant Kendall Barnes' Motion for Relief under Fed.R.Crim.Pr. 60.  Defendant Barnes pled guilty to Counts IV (possessing seven grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and V (carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), (2)) of the Indictment.  Included in defendant Barnes' sentence was 60 months imprisonment for the firearms crime charged in Count V of the Indictment.  This portion of the sentence was based on the information supplied from the government that Barnes was seen to be holding a .45 caliber Taurus handgun while in his vehicle at the time of the arranged drug transaction.  Defendant was arrested and the cocaine base was also found in the vehicle.

Barnes now argues in his Rule 60(b) motion that there was no adequate factual basis for the firearms conviction, and that accordingly his conviction failed to comply with Fed.R.Crim.Pr. 11(b)(3).

Defendant's motion is without merit and will be denied.  Although that motion claims that "there is a great deal of confusion and/or uncertainty" about the defendant's plea, the court is unable

to detect any basis for such confusion or uncertainty in the records relating to the plea. There is, in fact, remarkably little that is doubtful or uncertain about the nature of the evidence supporting the firearms charge and the defendant's plea. Defendant Barnes specifically entered a written plea of guilty to both Counts IV and V of the Indictment, including the firearms charge. The court specifically inquired into the factual basis for the firearms charge at the plea hearing, and was supplied with the proffered testimony of Detective Krausch relating to the .45 caliber Taurus handgun possessed by defendant, which would supply an ample factual basis for the firearms charge. The court carefully inquired into the knowing and voluntary nature of the plea at the hearing, and the record reflects that Barnes had no objection to the factual basis offered by the government, and that the plea was knowing and voluntary.

IT IS ACCORDINGLY ORDERED this 30th day of August, 2005, that the defendant's Motion for Relief (Dkt. No. 27) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE